

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
TIM RADECKI, Individually and On Behalf of : Civil Action No.
All Others Similarly Situated,
:
: CLASS ACTION COMPLAINT
Plaintiff, : FOR VIOLATIONS OF
: FEDERAL SECURITIES LAWS
vs. :
: ECF CASE
LIMELIGHT NETWORKS, INC., JEFFREY :
W. LUNSFORD, MATTHEW HALE, : JURY TRIAL DEMANDED
NATHAN F. RACIBORSKI, ALLAN M. :
KAPLAN, JOSEPH H. GLEBERMAN, :
PETER J. PERRONE, GOLDMAN, SACHS & : **07 CIV. 7394**
CO., and MORGAN STANLEY & CO. :
INCORPORATED,                          x

Defendants.
---------------------------------------

Plaintiff alleges the following based upon the investigation of Plaintiff's counsel, which included a review of United States Securities and Exchange Commission ("SEC") filings by Limelight Networks, Inc. ("Limelight" or the "Company"), as well as regulatory filings and reports, securities analysts' reports and advisories about the Company, press releases and other public statements issued by the Company, and media reports about the Company, and Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

**NATURE OF THE ACTION**

1.  This is a federal securities law class action filed individually and on behalf of all persons (the "Class") who suffered damage as a result of their purchase of the common stock of Limelight, during the period June 8, 2007 through and including August 8, 2007 (the "Class Period"), that was issued pursuant to or is traceable to a Registration Statement that became effective

on June 7, 2007, and a Prospectus dated June 7, 2007 (the "Registration Statement and Prospectus"). By means of the Registration Statement and Prospectus, Limelight conducted its Initial Public Offering ("IPO") and Limelight and certain of the individual defendants sold 18.4 million shares of Limelight common stock at $15 per share. The Registration Statement and Prospectus were materially misleading and omitted material facts concerning the seasonality of Limelight's business.

## JURISDICTION AND VENUE

2.     The claims asserted herein arise under §§ 11 and 15 of the Securities Act of 1933, as amended (the "Securities Act"), 15 U.S.C. §§ 77k, 77l(a)(2) and 77o.

3.     This Court has jurisdiction pursuant to § 22 of the Securities Act, 15 U.S.C. § 77v and 28 U.S.C. § 1331.

4.     Venue is proper in this District pursuant to Section 27 of the Exchange Act and 28 U.S.C. §1391(b) because many of the acts and transactions, including the sale of the Limelight common stock subject to the Registration Statement and Prospectus occurred within this District.

5.     In connection with the wrongful conduct alleged in this complaint, defendants directly or indirectly used the means and instrumentalities of interstate commerce, including but not limited to the mails, interstate telephone and internet communications and the facilities of the national securities markets.

## PARTIES

6.     Plaintiff Tim Radecki, as set forth in the accompanying certification, incorporated by reference herein, purchased the common stock of Limelight that was issued pursuant to and is traceable to the Registration Statement and Prospectus at artificially inflated prices during the Class Period and has been damaged thereby.

7.     Defendant Limelight was founded in 2001 and is a Content Delivery Network ("CDN") provider that enables companies to digitally distribute rich media content over the Internet.

Limelight primarily derives revenue from the sale of CDN services to our customers. These services include delivery of digital media, including video, music, games, software and social media.

8. Defendant Jeffrey W. Lunsford ("Lunsford") has served as President, Chief Executive Officer and Chairman of Limelight since November 2006. He signed the Registration Statement for the IPO.

9. Defendant Matthew Hale ("Hale") has served as Chief Financial Officer of Limelight since December 2006. He signed the Registration Statement for the IPO.

10. Defendant Nathan F. Raciborski ("Raciborski") is a Co-Founder of Limelight and has served as its Chief Technical Officer since June 2001 and as a director since July 2006. Raciborski sold 803,041 shares of Limelight stock in connection with the IPO and signed the Registration Statement.

11. Defendant Allan M. Kaplan ("Kaplan") is a Co-Founder of Limelight and has served as a director since August 2003, including serving as Chairman of Limelight's board of directors through November 2006. Kaplan sold 620,742 shares of Limelight common stock in connection with the IPO and signed the Registration Statement.

12. Defendant Joseph H. Gleberman ("Gleberman") has served a director of Limelight since September 2006 as a designee of Goldman, Sachs & Co. ("Goldman Sachs"). Gleberman has been a Managing Director in Goldman Sachs' Principal Investment Area since 1993. Gleberman signed the Registration Statement.

13. Defendant Peter J. Perrone ("Perrone") has served as a director of Limelight since July 2006 as a designee of Goldman Sachs. Perrone has been a Vice President in Goldman Sachs' Principal Investment Area since 2002. Perrone signed the Registration Statement.

14. Defendants Lunsford, Hale, Raciborski, Kaplan, Gleberman and Perrone are sometimes referred to herein as the Individual Defendants.

15. Defendant Goldman Sachs was co-lead underwriter for the IPO. Prior to and immediately following the IPO, funds affiliated or managed by Goldman Sachs owned 30,272,493 shares of Limelight's common stock. The principal executive offices of Goldman Sachs are at 85 Broad Street, New York, NY.

16. Defendant Morgan Stanley & Co, ("Morgan Stanley") was the other co-lead underwriter for the IPO. The principal executive offices of Morgan Stanley are at 1585 Broadway, New York, NY.

17. Defendants Goldman Sachs and Morgan Stanley are sometimes referred to herein as the Underwriter Defendants. The IPO was conducted by means of a firm commitment underwriting.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons who suffered damage as a result of their purchase of Limelight common stock during the Class Period that was issued pursuant to or is traceable to the Registration Statement and Prospectus. Excluded from the Class are defendants and members of their immediate families; any entity in which a defendant has a controlling interest; and the heirs, successors and assigns of any excluded party.

19. The members of the Class are so numerous that joinder of all members is impracticable. While the exact numbers of Class members is unknown to Plaintiff, during the Class Period thousands of persons purchased the 18.4 million shares of Limelight common stock sold on the IPO pursuant to the Registration Statement and the Prospectus.

20. Plaintiff's claims are typical of the claims of the Class, because Plaintiff and all Class members sustained damages as a result of purchases of Limelight common stock during the Class Period issued pursuant to or traceable to the Registration Statement and Prospectus.

21. Plaintiff will fully and adequately protect the interests of the members of the Class. Plaintiff has retained counsel who are experienced and competent in both class actions and securities litigation. Plaintiff has no interests that conflict with the members of the Class he seeks to represent.

22. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Plaintiff knows of no difficulty likely to be encountered in the management of this action that would preclude its maintenance as a class action.

23. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and varying adjudications that could establish incompatible standards of conduct for defendants.

24. Questions of law and fact common to the Class predominate over any questions that may affect individual members only. Among the common questions of law and fact are:

    a. Whether the Registration Statement and Prospectus omitted and/or misrepresented material facts.

    b. Whether defendants violated the Act.

    c. Whether individual defendants are control persons within the meaning of Section 15 of the Act, 15 U.S.C. § 77o; and

    d. Whether Plaintiff and Class members have sustained damages, and, if so, what is the proper measure of damages.

25.     The names and addresses of Class members are available from Limelight or its agents. Notice can be provided to Class members by first class mail, using techniques routinely employed in securities class action cases.

## SUBSTANTIVE ALLEGATIONS

26.     Defendant Limelight was founded in 2001 and conducted its initial public offering in June 2007 at $15 per share. The IPO was oversubscribed with the Underwriter Defendants exercising their option to purchase an additional 2.4 million shares beyond the initial 16 million shares for a total of 18.4 million shares being sold. The IPO closed on or about June 15, 2007 with the Company realizing net proceeds of $205.5 million.

27.     Security analysts initiated coverage in mid-July, 2007, based on the public information provided by the Company, with price targets ranging from $20 per share to $25 per share. Further, based on public information provided by the Company, security analysts projected Limelight to earn a profit for 2007 of $0.03 – $0.07 per share.

28.     Less than two months after the closing of the IPO, however, Limelight shocked the market when it issued a press release before trading on August 9, 2007 stating that for the second quarter of 2007 ended June 30, 2007, the Company had incurred a loss of $10.463 million, or $0.23 per share, as compared to a loss during the first quarter of 2007 ended March 31, 2007 of $4.435 million, or $0.20 per share. In addition, in its press release, Limelight indicated that it expected to report a loss for 2007 in the range of $0.54 to $0.51 per share.

29.     During a conference call held by Limelight at 9:00 a.m. on August 9, 2007, defendant Lunsford admitted that Limelight's abysmal financial results were in principal part due to a seasonal drop off in revenue from media customers that started in <u>June</u>, "due to the seasonality that media company's experienced after the television season ends." The other principal reason for Limelight's loss and reduced guidance was the fact that the Company had to heavily discount its service

offerings and even had to walk away from sales because the requested discounts were too great. According to Lunsford, both factors had about an equal impact on the second quarter results:

> I would probably say it's about equal, because we have some reasonably large customers that are in this category of high traffic working on monetization. And so, we just again believe it's prudent to assume that, while they are working on that we just can't, though we have always viewed ourselves as partners to our customers and not as an arms length benefit vendors that's going to gauge every penny item, we want these guys to be successful. So, I say it's about half that and it's about half the seasonality. It's kind of hard to quantify it on the fly, but those are really the two factors.

30. This news caused Limelight stock to precipitously drop from a close of $14.80 on August 8 to close at $8.99 on August 9 – a 40% decline on exceptional volume – and to close at $7.94 the following day. Further, security analysts immediately lowered their price targets and recommendations.

31. Goldman Sachs analyst Sarah Friar removed the Company from her "buy list" and lowered her fiscal 2007 EPS estimate from a profit of $0.07 to a loss of $0.03. Among the factors, Ms. Friar relied on to justify her downgrade of the stock was her questioning of management's credibility:

> Perhaps the biggest change on the quarter is the question of credibility. Limelight's stumble highlights that management is still getting their arms around being a public company, and has yet to put into place a lot of the infrastructure to support execution on targets.

As for Limelight's pointing to seasonality as a principal reason for its second quarter results and lowered guidance, Ms. Friar stated that: [d]ue to the company's extremely rapid growth in recent quarters, many viewed this company as largely immune from seasonality."

32. This is not surprising since the Registration Statement and Prospectus for the IPO contained no "Risk Disclosure" warning of seasonality of Limelight's business or that it was experiencing in June a drop off in revenues "due to the seasonality that media company's

experienced after the television season ends." Indeed, to the contrary, the Registration and Prospectus represented that "To date, we have not identified any seasonal fluctuations in our quarterly results."

33. In addition, the Registration Statement and Prospectus did not warn investors that Limelight was experiencing in June "increased price pressure" because "traffic growth is occurring ahead of the maturation of those customer monetization strategies, and they are asking for lower per unit rates as their volumes grow and as their business models develop." Rather, the Registration and Prospectus only noted the risk that prices could fall to a greater extend than anticipated – not that they were already falling to such a point that the Company was walking away from sales.

## COUNT I

### Violation of Section 11 of
### the Securities Act Against All Defendants

34. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

35. This Count is asserted against all defendants for violations of § 11 of the Securities Act, 15 U.S.C. § 77k and is not grounded on fraud.

36. The Registration Statement and Prospectus was materially false and misleading; contained untrue statements of material fact; omitted to state material facts necessary to make the statements made in the Registration Statement, under the circumstances in which they were made, not misleading; and failed to disclose material facts, as described above.

37. Limelight is the registrant for the IPO and filed the Registration Statement and Prospectus as the issuer of the common stock purchased by Plaintiff and the members of the Class, as defined in Section 11(a)(5) of the Securities Act. Limelight, the Individual Defendants and the

Underwriter Defendants were responsible for the contents of the Registration Statement and Prospectus and caused its filing with the SEC.

38. As issuer, Limelight is strictly liable to Plaintiff and the members of the Class who purchased Limelight common stock issued pursuant to or traceable to the Registration Statement and Prospectus for the misstatements in, and the omissions from, the Registration Statement and Prospectus.

39. Each Individual Defendant signed the Registration Statement, or was a Director of the Board of Limelight at the time of the filing of the Registration Statement and Prospectus with the SEC.

40. The Underwriter Defendants were underwriters and sellers with respect to the common stock sold in the IPO within the meaning of the Securities Act. Those underwriters owned and sold the common stock issued in the IPO under a firm underwriting agreement.

41. None of the Individual Defendants or Underwriter Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements described above, which were contained in the Registration Statement and Prospectus, were accurate and complete in all material respects. The Underwriter Defendants and the Individual Defendants in the exercise of reasonable care should have known of the material misstatements and omissions contained in the Registration Statement and Prospectus as set forth herein.

42. At the time Limelight common stock was purchased, neither Plaintiff nor any member of the Class knew, or by the reasonable exercise of care could have known, of the facts concerning the inaccurate and misleading statements and omissions alleged herein.

43. Plaintiff and the members of the Class purchased Limelight common stock pursuant to or traceable to the Registration Statement prior to the date Limelight made generally available to

its securities holders an earnings statement covering a period of at least 12 months beginning after the effective date of the Registration Statement.

44.     In connection with the IPO and sale of Limelight common stock, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce and the United States Mails.

45.     This action was brought within one year after the discovery of the untrue statements and omissions and within three years after Limelight common stock was sold to the public in the IPO.

46.     By reason of the foregoing, the defendants named in this count have violated Section 11 of the Securities Act and are liable to Plaintiff and the members of the Class, each of whom has been damaged by reason of such violations.

## COUNT II

### Violation of Section 15 of the Securities Act Against the Individual Defendants and Goldman Sachs

47.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

48.     This Count is asserted against the Individual Defendants and Goldman Sachs for violation of Section 15 of the Securities Act, 15 U.S.C. § 77o and does not sound in fraud.

49.     The Individual Defendants were control persons of the Company by virtue of their positions as Directors of the Board and/or as senior officers of the Company. Additionally, the following defendants held the indicated percentages of Limelight common stock immediately prior to the IPO:

| Defendant | %. of Shares Owned Prior to IPO |
|---|---|
|  |  |

| Goldman Sachs | 45.2 |
| --- | --- |
| Raciborski | 8.1 |
| Kaplan | 6.2 |
| Lunsford | 2.2 |

In addition, Defendants Gleberman and Perrone are the designees of Goldman Sachs.

50.     None of the Individual Defendants or Goldman Sachs made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement and Prospectus for the IPO were true and devoid of any omissions of material fact.  Therefore, by reason of their positions of control over the Company, as alleged herein, pursuant to Section 15 of the Securities Act, each of the Individual Defendants and Goldman Sachs is liable jointly and severally with and to the same extent that Limelight is liable to Plaintiff and the members of the Class as a result of the wrongful conduct alleged herein.

51.     As a result of the foregoing, Plaintiff and the members of the Class have suffered damages.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  A. Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as Lead Counsel;

  B. Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

  C. Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

  D. Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED: August 20, 2007    KLAFTER & OLSEN LLP


                /s/ Jeffrey Klafter
              JEFFREY A. KLAFTER (JK-0953)
            1311 Mamaroneck Avenue, Suite 220
            White Plains, New York 10605
            Tel: (914) 997-5656
            Fax: (914) 997-2444


            KLAFTER & OLSEN LLP
            KURT B. OLSEN
            1250 Connecticut Ave., N.W., Suite 200
            Washington, DC  20036
            Tel: (202) 261-3553
            Fax: (202) 261-3533

LAW OFFICES OF BRIAN M. FELGOISE, P.C.
BRIAN M. FELGOISE
261 Old York Road, Suite 423
Jenkintown, PA 19046
Tel: (215) 886-1900


Attorneys for Plaintiff

## LIMELIGHT NETWORKS, INC.
## CERTIFICATION PURSUANT TO THE FEDERAL SECURITIES LAWS

Tim Radecki ("Plaintiff") duly swears and says, as to the claims asserted under the federal securities laws, that:

1. I have retained the Law Offices of Brian M. Felgoise, P.C. and Klafter & Olsen LLP as my counsel, reviewed the complaint, and authorized the filing of a substantially similar complaint on my behalf.

2. The security that is the subject of this action was not purchased at the direction of plaintiff's counsel or in order to participate in this private action.

3. Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. The transactions in the security that is the subject of this action during the Class Period are as follows:

| Date | Number of Shares Purchased | Price Per Share |
|---|---|---|
| 8-28-07 | 1270 | $15.75 |

| Date | Number of Shares Sold | Price Per Share |
|---|---|---|

5. Plaintiff has not sought to serve as a class representative in more than five securities fraud class actions in the last three (3) years. Other than this action, Plaintiff has sought to be appointed a lead plaintiff in the following action(s):

**Action**          **Date**

6. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except as ordered or approved by the Court for reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I declare under penalty of perjury under the laws of United States that the foregoing is true and correct. Executed this ___17___ day of August 2007, at ___11 a.m.___.

_____
Plaintiff's signature